IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Curtis Dale Richardson, # 269166, | ) | C/A No. 4:05-1075-RBH |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Horry County Sheriff's Department; Philip Thompson, | ) | **O R D E R** |
| Sheriff of Horry County; Horry County Solicitor's Office; | ) | |
| Gregory Hembree, Solicitor of Horry County; SC | ) | |
| Department of Corrections; SCDC Classification | ) | |
| Department; Ms. Long Kershaw, Classification Supervisor; | ) | |
| Mr. Goldberg, Classification Caseworker; Mr. | ) | |
| Faulkenberry, KCI Warden; David Tatarsky; Office of the | ) | |
| General Counsel; and Jon Ozmint, Each in individual and | ) | |
| official capacities; | ) | |
| | ) | |
| Defendants. | ) | |
| ————————————————————— | ) | |

At the time plaintiff initiated this action, he was an inmate of the South Carolina Department of Corrections ("SCDC") confined at Kershaw Correctional Institution. He was serving a sentence of twelve years on a burglary conviction. Plaintiff indicates that he is not currently incarcerated.

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the Horry County Sheriff and Sheriff's Department; Solicitor; the South Carolina Department of Corrections, its warden, and its Classification Department; the Office of General Counsel, among others. He alleges that in September of 2000 the Horry County Sheriff's Office lodged about twenty-four detainers against him and that in 2001 the charges were "disposed of through dismissal, nolle pross etc." Plaintiff

1

allegedly began in 2001 to seek to have the records expunged.  Plaintiff indicates that he requested the Solicitor to expunge the records but that he refused.[1]  Plaintiff alleges that, due to the fact the records were not expunged in a timely manner, he was denied parole, work release, and favorable classifications in the prison.  He alleges that the Parole Board  relied on the incorrect entries in denying him parole in June of 2003.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation of United States Magistrate Thomas E. Rogers, III,  filed June 21, 2005.  Based on his review of the record, the Magistrate Judge recommends that the case be dismissed *without prejudice* for failure to state a claim because monetary damages are not available for emotional distress under the Prison Litigation Reform Act of 1996; prison inmates have no constitutionally protected right to parole; and  plaintiff failed to exhaust his administrative remedies. The Magistrate Judge recommends that the dismissal be deemed a strike under the "three strikes" rule of 28 U.S.C. §1915(g).

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed.  While the level of

_____

[1] Plaintiff has provided the Court with a letter from the Solicitor's Office dated January 21, 2005 providing information concerning the $150 filing fee per criminal charge required for processing expungement requests.

scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations.   28 U.S.C. § 636(b)(1).

Plaintiff filed objections to the Report on July 7, 2005.  Plaintiff contends in his objections that he is not merely suing for emotional damages but also for damages for an alleged violation of his rights to procedural due process.  He alleges that the false entries on his records were used to deny him work release, as well as parole,  and were used in connection with his classification within the prison.  He also objects to the magistrate judge's finding that he failed to exhaust his administrative remedies.

### Fourteenth Amendment Due Process

The Magistrate Judge has recommended that the complaint be dismissed insofar as it alleges that the refusal of State authorities to expunge the records resulted in plaintiff's denial of parole in 2003. As noted by Judge Rogers, plaintiff has not provided the Court with any proof of the reasons for the denial of his parole.  This Court cannot speculate as to the reasons for the denial of parole.  The Fourth Circuit has held that the only due process to which the plaintiff would be entitled is a statement of the reasons for the denial of parole.  *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996).[2]  As noted, in this case the plaintiff does not allege that he was not given reasons for denial of parole.  The United States Supreme Court has held that prisoners have no right to be released on parole under the Constitution. However, state law may create a liberty interest by virtue of the language of its parole statute.  *See Board of Pardons v. Allen*, 482 U.S. 369 (1987); *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1,7 (1979).  South Carolina law creates a permissive rather than mandatory parole

---

[2]Unlike the situation in the case of *Payne v. Baker*, 595 F.2d 197 (4th Cir. 1979), the plaintiff in this case is not requesting access to his prison file; nor is he requesting this Court to expunge the record of his detainers.  He seeks monetary damages under Section 1983.

system. *See S.C. Code Ann. § 24-21-640 (1976), as amended*. Therefore, this Court incorporates the legal reasoning of the Magistrate Judge on this point and the relevant part of the Complaint is dismissed.

Plaintiff also contends that he was denied favorable classifications due to the fact that allegedly false detainers appeared on his records. However, in order to show the deprivation of a liberty interest regarding custody classifications, an inmate must show either (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause by its own force or (2) the confinement creates an atypical or significant hardship *and* the state has granted its inmates, by regulation or statute, a protected liberty interest in remaining free from that confinement or restraint. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). *See also*, *Bey v. Simmons*, 69 Fed. Appx. 931, 2003 U.S. App. LEXIS 13209 (10th Cir. 2003) [holding there is no constitutionally protected interest in prison classification (Kansas)]; *Brown v. Evatt*, 322 S.C. 189, 470 S. E. 2d 848 (1996) (holding under South Carolina law, that the state statutes and regulations regarding the classification of prisoners create no liberty interest in a security or custody classification.)

Plaintiff does not indicate exactly in what classification he was placed as compared to the classification which he desired. Therefore, he has not made a showing that the classification in which he was placed exceeded his sentence in an extreme way or was atypical or a significant hardship. *See, e.g.*, *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) ( holding that confinement in administrative segregation does not exceed the sentence imposed in such an extreme way as to give rise to the protection of the Due Process Clause by its own force).

Plaintiff also argues that he was denied work release privileges due to the presence of the unlawful detainers on his record. Here again, plaintiff's argument must fail. The Fourth Circuit Court

4

of Appeals discussed a similar argument in the case of *Kitchen v. Upshaw*, 286 F.3d 179 (4th Cir. 2002). In that case, a former jail inmate brought a §1983 suit alleging his due process rights were violated when he was not allowed to participate in a work release program. The Court utilized the standard set forth in *Sandlin v. Conner*, *supra*, and found that the prisoner enjoyed no constitutionally protected liberty interest in work release under Virginia law. "Thus, the question is whether denial of work-release status imposed on Kitchen an 'atypical and significant hardship' in relation to the ordinary incidents of prison life." *Kitchen*, *supra*, 286 F.3d at 186. The Court also discussed Virginia law on the standards used by the State in granting or denying work release under the analysis used by Federal Courts before the issuance of the *Sandlin* decision and found that, under Virginia law, the Director of the Department of Corrections has discretion to approve inmates for work release and that the State's law did not create an entitlement.

Plaintiff has presented no proof that the first prong of the *Sandlin* test has been met; in other words, he has not proved that his alleged ineligibility for work release rises to the level of a Due Process violation by its own force. Under the second prong of the test, this Court must determine whether the state action in failing to remove the detainers which allegedly resulted in the denial of work release imposed on plaintiff an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandlin*, 515 U.S. at 484. The record contains no evidence that plaintiff applied for work release and was denied or as to the grounds for any denial. Therefore, his proof fails and this claim is dismissed.[3]

---

[3] If the pre-*Sandlin* analysis were used, it is apparent that, under South Carolina law, a prisoner does not have a constitutionally protected liberty interest in participating in work release. S.C. Code Ann. §24-3-20(B)(1976), as amended, provides: "When the director determines that the character and attitude of a prisoner reasonably indicates that he may be trusted, he may extend the limits of the place of confinement of the prisoner by authorizing him to work at paid employment . . . " The South

## Exhaustion of Administrative Remedies

The Magistrate Judge finds in his Report that the plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e(a).  In his objections, plaintiff asserts that he filed various grievances within the prison and that he was unable to obtain any assistance.  The last date of a grievance included in the record is a denial, dated March 10, 2005 as to which plaintiff indicated that he wished to appeal on March 11, 2005.  The instant action was filed on April 13, 2005. Plaintiff contends that he filed a step II on March 11, 2005 and that "the Step II has exceeded the time limits."  Thus, he takes the position that the Court should consider the grievance procedure exhausted.

The Court finds that it is not necessary for this Court to determine whether the plaintiff has properly exhausted all administrative remedies.  The Fourth Circuit has held that, if a complaint fails to state a claim upon which relief may be granted, the Court may dismiss the complaint even if exhaustion of administrative remedies has not occurred. *Anderson v. XYZ Correctional Health Services Inc., et al*, 407 F.3d 674 (4th Cir. 2005).

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law.  The court adopts the Report and Recommendation as modified by this Order and incorporates it herein by reference.  Accordingly, all objections are overruled and this case is **DISMISSED** *without prejudice* and without issuance and service of process.  This dismissal shall be deemed a strike under 29 U.S. C. §1915(g).

---

Carolina Court of Appeals has held that "the denial of participation in a **work-release** program, standing alone, affords no basis for a claim under 42 U.S.C. §1983." *Quillien v. Evatt, et al*, 315 S.C. 489, 445 S.E. 2d 639, 640 (S.C. Ct. App. 1994), *cert denied*, 513 U.S. 1152 (1995).

6

**IT IS SO ORDERED.**

December 15, 2005                    s/R. Bryan Harwell
                                    R. Bryan Harwell
                                    United States District Judge